## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY POWERS, on behalf of herself and all other similarly-situated persons as a collective action, | ) ) ) ) | |
| Plaintiff, | ) ) ) | Case No. |
| | ) | Judge |
| v. | ) ) | Magistrate Judge |
| DIAMAND'S FAMILY RESTAURANT, INC., GEORGE DIAMANTOPOULOS, JIM DIAMANTOPOULOS and PANAGIOTIS DIAMANTOPOULOS, | ) ) ) ) ) | JURY DEMANDED |
| Defendants. | ) | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Kimberly Powers, on behalf of herself and all other persons similarly situated as a class and collective action, through her attorney and for her Complaint against Defendants Diamand's Family Restaurant, Inc., George Diamantopoulos, Jim Diamantopoulos and Panagiotis Diamantopoulos, states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. §201, *et seq.,* the Illinois Minimum Wage Law (IMWL), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act (IWPCA), 820 ILCS 115/1, *et. seq*., for Defendants' failure to pay Plaintiff, and other similarly-situated tipped employees all earned minimum wages, and Defendants' failure to pay Plaintiff and other similarly-situated hourly employees all earned wages. Defendants own and operate a restaurant at 3000 Plainfield Road, Joliet, Illinois, called Diamand's Family Restaurant.

1

2. Plaintiff and similarly-situated persons are current and former tipped employees of Defendants working as servers. Defendants pay their tipped employees sub-minimum hourly wages under the tip-credit provisions of the IMWL and FLSA. Those provisions permit employers of tipped employees to pay wages less than the minimum wage, so long as employers comply with other requirements of the tip-credit provisions. Defendants willfully disregarded those requirements, by regularly assigning tipped employees, paid sub-minimum wages, to perform duties unrelated to the tipped occupation, and to perform excessive amounts of duties related to the tipped occupation. In addition, Defendants failed to inform the tipped employees of the provisions of the tip-credit subsection of the FLSA. Defendants thus violated both the FLSA and the IMWL. Plaintiff seeks to bring Count I as a collective action under the FLSA.

3. Plaintiff and the class she seeks to represent are current and former hourly employees of Defendants working in positions throughout the Restaurant. Defendants failed to pay Plaintiff and other hourly employees for all time worked. Plaintiff seeks to bring Count III as a class action under Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3).

**THE PARTIES**

4. Plaintiff Kimberly Powers resides and is domiciled in this judicial district. Between approximately June 2006 and December 14, 2015, Plaintiff was employed by Defendants as a server at their restaurant located within this judicial district.

5. Defendant Diamand's Family Restaurant, Inc. (the "Restaurant"), is an Illinois corporation with its principal place of business in Joliet, Illinois.

6. Defendant George Diamantopoulos is vice president of the corporation, a shareholder and a manager of the day-to-day operations of the restaurant.

7. Defendant Jim Diamantopoulos is secretary of the corporation, a shareholder and a manager of the day-to-day operations of the restaurant.

8. Defendant Panagiotis Diamantopoulos is the president of the corporation, a shareholder and a manger of the day-to-day operations of the restaurant.

9. Plaintiff was an "employee" of Defendants as defined by the IMWL, 820 ILCS 105/3(d), and the FLSA. 29 U.S.C. §203(d). During her employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the IMWL and the FLSA.

10. Defendants were Plaintiff's "employer[s]" as defined in the IMWL, 820 ILCS 105/3(c), and the FLSA. 29 U.S.C. §203(d).

11. The Restaurant is an "enterprise" as defined by the FLSA, 29 U.S.C. §203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. §203(s)(1).

12. Employees of the Restaurant are engaged in interstate commerce, and the Restaurant's annual gross volume of sales made or business done exceeds $500,000, exclusive of excise taxes. During the course of her employment by Defendants, Plaintiff handled goods, including perishable produce and other food products, that moved in interstate commerce.

**COUNT I**
**Violation of the Fair Labor Standards Act – Minimum Wages**
**Collective Action**

Plaintiff hereby realleges and incorporates paragraphs 1 through 12 of this Complaint, as if fully set forth herein.

13. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, for their failure to pay minimum wages to Plaintiff and similarly-situated tipped employees. Plaintiff brings this Count I as a collective action under Section 16(b) of the

FLSA. 29 U.S.C. § 216(b). Plaintiff's consent to act as representative plaintiff is attached hereto as Exhibit A.

14. Plaintiff worked as a tipped employee, and was not exempt from the minimum wage provisions of the Fair Labor Standards Act. As a tipped employee, she was paid by Defendants at a sub-minimum, tip-credit rate; most recently that rate was $4.95 per hour.

15. An employer may pay a tipped employee less than minimum wage, that is, take a 'tip credit,' if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. 29 U.S.C. §203(m). A "tipped employee" is a person "engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t).

16. The tip credit provision does not apply to a tipped employee unless: (1) the employer has informed the employee of the provisions of the tip credit subsection; and (2) the employee retains all tips received by the employee, except that the pooling of tips among tipped employees is permitted. FLSA, 29 U.S.C. §203(m).

17. Although Defendants took a tip credit in paying hourly wages to Plaintiff and similarly-situated tipped employees, Defendants failed to comply with the predicate requirements under the Act. 29 U.S.C. § 203(m).

18. Defendants regularly require servers to perform duties unrelated to the tipped occupation, but continued to pay them tip-credit wages while the employees were engaged in those non-tipped duties. Defendants also regularly required servers to perform excessive amounts of non-tipped duties related to the tipped occupation, but continued to pay them tip-credit wages while the employees were engaged in excessive amounts of related duties. When "tipped employees also perform non-tipped duties … such as, in the case of restaurant servers,

washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work." *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014).

19. Finally, Defendants failed to inform Plaintiff and similarly-situated tipped employees of the provisions of the tip-credit subsection.

20. Defendants' failure to comply with the terms of the minimum wage requirements of the FLSA regarding tip credit, and consequently, their failure to paid Plaintiff full minimum wage, was a willful violation of the FLSA.

WHEREFORE, Plaintiff, for herself and on behalf of similarly-situated tipped employees, prays judgment against Defendants as follows:

A. that judgment issue in the amount of the owed minimum wages for all time worked;

B. that liquidated damages be awarded in an amount equal to the amount of unpaid minimum wages;

C. that reasonable attorneys' fees and costs incurred in prosecuting this action be awarded; and

D. that such other and further relief be granted as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiff hereby realleges and incorporates paragraphs 1 through 20 of this Complaint, as if fully set forth herein.

21. This count arises from Defendants' violation of the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay Plaintiff all earned minimum wages.

22. Plaintiff worked as a server in the Restaurant. Defendants paid servers a tip-credit hourly rate of $4.95 per hour. An employer may take a 'tip credit,' up to 40 percent of full

minimum wage, if the employee receives customer tips in an amount that, together with the sub-minimum wage, equal the minimum hourly wage. IMWL, 820 ILCS 105/4(c); FLSA, 29 U.S.C. §203(m). However, when tipped employees perform unrelated non-tipped duties, or excessive amounts of related non-tipped duties, those employees must be paid full minimum wage for that work. *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014).

23. Defendants have a practice of regularly utilizing tipped employees to perform 'back of the house' duties and other unrelated work not within the scope of a tipped occupation of server. In addition, Defendants require servers to perform excessive amounts of work related to the tipped occupation of server.

24. Defendants' practices violate the minimum wage provisions of the IMWL by failing to properly compensate Plaintiff for non-tipped work.

25. Pursuant to 820 ILCS 105/12(a) of the IMWL, affected employees are entitled to recover unpaid wages for three years prior to the filing of a lawsuit, plus additional damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays judgment against Defendants as follows:

A    that judgment issue in the amount of all minimum wages due as provided by the Illinois Minimum Wage Law;

B.    that additional damages be awarded pursuant to the formula set forth in 820 ILCS 105/12(a);

C.    that reasonable attorneys' fees and costs of this action be awarded as provided by the Illinois Minimum Wage Law;

D.    that such other and further relief be granted as this Court deems just and proper.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act – Unpaid Wages
### Class Action

Plaintiff hereby realleges and incorporates paragraphs 1 through 25 of this Complaint, as if fully set forth herein.

26. This Count III arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff and a class similarly-situated hourly employees that she seeks to represent their earned wages for all time worked at the rate agreed to by the hourly employees and Defendants.

27. During the course of her employment with Defendants, Plaintiff was 'shorted' hours, and thus not compensated for all time she worked in certain work weeks. Other hourly employees were similarly not compensated for all time worked in certain work weeks.

28. Defendants' failure to pay Plaintiff and the class similarly-situated hourly employees for all time worked at the rate agreed to by the parties violated the IWPCA.

29. This Count III is brought as a class action because the persons similarly situated to Plaintiff are so numerous that joinder of all members is impracticable. Plaintiff therefore bring this action against Defendants on her own behalf and on behalf of those similarly-situated hourly employees and former employees. Plaintiff and similarly-situated persons are equally affected by the unpaid wage violation of Defendants, and the relief sought is for the benefit of Plaintiff and the class that she seeks to represent.

30. The issues involved in this Count III present common questions of law and fact. These common questions of law and fact predominate over the variations which may exist between members of the class, if any. The individual Plaintiff and the class of similarly-situated persons on one hand, and Defendants on the other, have a commonality of interest in the subject

matter and remedy sought, namely owed wages plus additional damages, interest, attorneys' fees and the cost of this lawsuit. The individual Plaintiff asserts that she is able to fairly and adequately represent and protect the interests of the class. If individual actions were required to be brought by each of the similarly-situated persons injured or affected, it would necessarily result in multiplicity of lawsuits, creating a hardship to the individuals, to the Court, and to Defendants. Accordingly, a class action is an appropriate method for the fair and efficient adjudication of this Count III and distribution of the common fund to which the class is entitled.

31.     Plaintiff seeks to represent all current and former hourly employees of Defendants who have not been paid for all time worked at the rate agreed to by the parties for the ten (10) years preceding the filing of the Complaint.

WHEREFORE, Plaintiff and the class of similarly-situated persons pray for judgment against Defendants as follows:

- A. that the Court determine that this action may be maintained as a class action under Rule 23;

- B. that judgment be entered in the amount of all wages due, plus an additional two per month on any such underpayment for each month the underpayment remains unpaid, as provided by the Illinois Wage Payment and Collection Act;

- C. that prejudgment interest be awarded on the back wages in accordance with 815 ILCS 205/2;

- D. that an injunction issue precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.*;

- E. that such other and further relief be granted as this Court deems appropriate and just.

Plaintiff demands trial by jury.


Dated:  April 27, 2017

                                                               Respectfully submitted,

                                                               /s/Jamie G. Sypulski
                                                               Attorney for Plaintiff

Jamie G. Sypulski
Law Office Jamie Golden Sypulski
150 North Michigan Avenue
Suite 1000
Chicago, Illinois 60601
(312) 332-6202
jsypulski@sbcglobal.net